UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:15-cv-81548-DMM

TAMA A. LARA

      Plaintiff,

      v.

AFNI, INC., CENTRAL FINANCIAL
CONTROL, and FIRST FEDERAL CREDIT
CORP.,

      Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Afni, Inc. (Afni), through counsel and under Fed. R. Civ. P. 12(b)(6), moves to dismiss the Complaint (Doc. 1-2) filed by plaintiff, Tama Lara, for failure to state a claim upon which relief can be granted, and states:

**I.    INTRODUCTION**

On October 9, 2015, plaintiff filed this action alleging Afni violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1691, *et seq.*, by failing to respond to her certified letter requesting validation of her debt. Plaintiff's Complaint, however, fails as a matter of law because (1) plaintiff fails to allege Afni is a debt collector – a prerequisite to a

claim under the FDCPA, (2) plaintiff fails to allege any alleged attempts by Afni to collect the debt *after* receipt of her letter, and (3) plaintiff fails to allege she disputed the debt to the credit reporting bureaus. Plaintiff's claims fail as a matter of law and should be dismissed with prejudice.

## II.   BACKGROUND

As stated above, on October 9, 2015, plaintiff filed a barebones complaint containing only 10 paragraphs and a single factual allegation. (Doc. 1-2, ¶ 7). Specifically, plaintiff alleges:

> On or about March 26, 2015, Defendant AFNI Inc . . . violated the Fair Debt Collection Practices Act law(s) in that they did not reply nor object to the certified letter from plaintiff wherein it was requested validation/strict proof thereof of any and all alleged outstanding debt(s) as reported to the credit bureaus.

*Id*. at ¶ 7. Based solely on this allegation, plaintiff claims Afni violated the FDCPA.

Plaintiff's only passing reference to the FCRA is in paragraph 9 where she alleges, "Pursuant to the FCRA Section 623(a)(3) and Section 807(8) the defendant's. . .have purposefully and negligently violated the Plaintiff's rights." *Id*. at ¶ 9

## III.   LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

(2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

While the Court may be inclined to hold a *pro se* plaintiff to a less stringent standard, "the pro se litigant is required to conform to the procedural rules and may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss." *Liste v. Cedar Financial et. al*., 2015 WL 439442 (M.D. Fla. Feb. 3, 2015). In other words, "regardless of whether the plaintiff is preceding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc*., 296 F.3d 376 (5th Cir. 2002); *see also Mbano v. Kriseman*, 2014 WL 5783802, at *2 (M.D. Fla. Nov. 6, 2014); *Blough v. Foster*, 2014 WL 1779291, at *2 (M.D. Fla. May 5, 2014).

### A. *Plaintiff Fails to Allege Afni is a Debt Collector*.

"The FDCPA applies only to 'debt collectors,' which are defined by the statute as: any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another." *Frazier v. HSBC Mort. Services, Inc.*, 2009 WL 4015574, *6 (M.D. Fla. Nov. 19, 2009). Accordingly, "[t]o state a claim under the FDCPA, [plaintiff] must establish that: (1) [s]he was the object of collection activity arising from consumer debt;" (2) Afni is a "'debt collector[]' as defined by the FDCPA;" and (3) Afni "engaged in an act or omission prohibited by the FDCPA." *Miljkovic v. Shafritz & Dinkin, P.A.*, 2014 WL 3587550, at *5 (M.D. Fla. July 18, 2014).

Here, plaintiff fails to allege a single fact to establish Afni is a debt collector as defined by the FDCPA. The Court should, therefore, dismiss plaintiff's complaint on that basis alone.

**B.**     *<u>Plaintiff Fails To Allege Afni Violated The FDCPA</u>*.

As stated above, plaintiff's sole allegation is that Afni violated the FDCPA by failing to respond to her certified letter requesting validation and "strict proof" of her debt. (Doc. 1-2 § 7). While it unclear which specific subsection of the FDCPA plaintiff believes Afni violated, she is presumably attempting to state a claim under 15 U.S.C. § 1692g. Simply put, plaintiff is wrong – the FDCPA on its face does not require a debt collector respond to a validation requests.

Under § 1692g, "if the consumer notifies the debt collector in writing ***<u>within the thirty-day period</u>*** that the debt, or any portion thereof, is disputed . . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . ." 15 U.S.C. § 1692g(b) (emphasis added). "The plain language of Section 1692g(b) mandates that a debt collector 'cease collection of the debt'

once verification is requested." *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 1014 (11th Cir. 2004).

"Section 1692g(b) thus gives debt collectors two options when they receive requests for validation. They may provide the requested validation and continue their debt collection activities, **_or they may cease all collection activities_**." *Jang v. A.M. Miller and Assoc.*, 122 F.3d 480, 483 (7th Cir. 1997) (emphasis added). To be sure Afni, "was not obligated to send a separate validation of the debt to plaintiff," so long as Afni ceased collection. *Smith v. Transworld Sys., Inc.* 953 F.2d 1025, 1032 (6th Cir. 1992). Here, plaintiff's own allegations prove Afni ceased collection in response to plaintiff's letter. In other words, plaintiff's allegations confirm Afni complied with the FDCPA, **_not_** that Afni violated the FDCPA.

C. *Plaintiff's FCRA Claim Fails As A Matter Of Law Because Plaintiff Did Not File a Dispute With A Credit Reporting Bureau*.

Plaintiff also makes a passing reference to the FCRA. To the extent plaintiff is attempting to assert an FCRA claim, such a claim also fails as a matter of law. The only possible FCRA claims plaintiff could be attempting to assert would be under 15 U.S.C. §§ 1681s-2(a) and 1681s-2(b) requiring furnishers of information to provide accurate information to credit bureaus and investigate disputes.[1] Plaintiff, however, cannot assert a claim under § 1681s-2(a) because no private right of action is available under that section, and cannot state a claim under § 1681s-2(b) because she did not file a dispute

---

[1] Plaintiff reference FCRA Section 807(8), which does not exist.

with a credit reporting agency.

"As to Section 1681s–2(a), enforcement is limited to government agencies and officials." *Markovskaya v. Amer. Home Mortg. Servicing, Inc.*, 867 F.Supp.2d 340, 343 (E.D.N.Y. 2012). Specifically, sections 1681s-2(c) and (d) "limit the remedies available for violations of [§ 1681s-2(a).] More precisely, subsection (c) eliminates the availability of direct remedies to consumers by making §§ 15 U.S.C. 1681n and 1681o—the FCRA's broad provisions creating civil liability for willful and negligent noncompliance respectively—inapplicable to violations of subsection (a). Subsection (d) provides that the requirements imposed by subsection (a) are only enforceable by government officials." *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 782 (W.D. Ky., 2003) (citing 15 U.S.C. § 1681s-2(c), (d)). In other words, "[The FCRA] explicitly prohibits private individuals from bringing suit [under subsection (a)]." *Burrell v. DFS Services, LLC*, 753 F.Supp.2d 438, 445 (D. N.J., 2010).

Further, before bringing an action under § 1681s-2(b), a consumer must "fil[e] a complaint with a credit rating agency (which is then required to pass the complaint on to the [furnisher]) . . . ." *Id.* See also *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) ("[Notice to a credit reporting agency] 'is necessary to trigger the furnisher's duties under Section 1681s-2(b)'"); *Embrey v. First Franklin Fin. Corp.*, 2013 WL 1289401, at *4 (S.D. Fla. Mar. 12, 2013)("The Fair Credit Reporting Act imposes certain duties upon entities that furnish information to consumer reporting agencies . . . triggered when a reporting entity is notified by a consumer reporting agency

of an individual consumer's dispute.");*Shaw v. Yorke*, 2011 WL 2563177, at \*2 (M.D. Fla. June 28, 2011)("Plaintiffs' complaint does not state a claim upon which relief can be granted, because it does not allege that a CRA notified Honda of the dispute . . [the FCRA] imposes duties on furnishers of information when they receive notice.")  Here, "[w]here a consumer shows only that the furnisher received notice of the dispute from the consumer, but not from a credit reporting agency, no claim is stated."  *Markovskaya*, 867 F. Supp. 2d at 344.  Plaintiff's claims, therefore, fail as a matter of law.

## IV.   CONCLUSION

In short, plaintiff has not, and cannot, plead sufficient facts to support an FDCPA or FCRA claim.  Plaintiff's Complaint fails as a matter of law and should be dismissed with prejudice.

WHEREFORE, Defendant, Afni, Inc., respectfully request this Court dismiss Plaintiff's Complaint with prejudice, and for such other relief as this Court deems proper.

Respectfully submitted,

*/s/Michael Schuette*
Michael Schuette
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone:   (813) 890-2472
Facsimile:    (866) 466-3140
mschuette@sessions-law.biz
dvanhoose@sessions-law.biz

*Attorneys for Defendant,*
*Afni, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of November 2015, a copy of the foregoing was filed electronically and served via U.S. First Class Mail on the following:

Tama A. Lara
11323 Millpond Greens Dr.
Boynton Beach, FL 33473

Lorne Cabinsky
3020 NE 32nd Avenue, Suite 201B
Fort Lauderdale, FL 33308
lc@lcabinskylaw.com
*Counsel for Central Financial Control*

/s/Michael Schuette
Michael Schuette